United States District Court
Southern District of Texas

**ENTERED**

January 13, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-2553 |
| | § | |
| UNITEDHEALTHCARE OF TEXAS, | § | |
| INC., AND UMR, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff Elizabeth Williams'
Motion to Remand and each party's leave to file a surreply.  The
court has considered the motion, the responses, all other relevant
filings, and the applicable law.  For the reasons set forth below,
the court **GRANTS** the parties' leave to file motions and **RECOMMENDS**
that Plaintiff's motion for remand be **DENIED**.

## I.  Case Background

Elizabeth Williams ("Plaintiff") filed this action in the 127th
District Court of Harris County, Texas, after she was denied
coverage under the Eaton Corporation Plan for Retirees and Other
Eligible Individuals ("the Plan").[2]  Plaintiff averred that she
received surgical treatment for acid reflux disease at the Memorial
Hermann Hospital in the Woodlands on or around September 8, 2014,

---

[1]     This matter was referred to the undersigned magistrate judge pursuant
to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the
Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 18.

[2]     See Doc. 1-6, Ex. 3 to Def.'s Notice of Removal, Pls.' Original Pet.
p. 1.

and that complications from surgery forced her to return to the hospital, where she received in-patient treatment between September 13, 2014, and October 13, 2014.[3]  On September 17, 2014, October 3, 2014, and November 3, 2014, Plaintiff stated that she received correspondence from Defendants pre-approving additional surgery as medically necessary.[4]   Plaintiff was transferred to Memorial Hermann Hospital in the Texas Medical Center, where she received treatment.[5]

Plaintiff averred that although she received multiple authorizations from Defendants, coverage under her Plan was denied.[6]  Plaintiff's petition included several state law claims including breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, negligence, gross negligence, violation of the Texas Civil Theft Liability act, violations of the Texas Insurance Code, common law fraud, and violation of the Texas Deceptive Trade Practices Act, and sought exemplary damages, punitive damages, and attorneys' fees.[7]

On September 3, 2015, Defendants removed the case to this court, arguing that Plaintiff's claims were preempted by the

---

[3]     See id. pp. 1-2.

[4]     See id. p. 2.

[5]     See id.

[6]     See id.

[7]     See id. pp. 4-13.

Employee Retirement Income Security Act of 1974 ("ERISA") and improper joinder of one non-diverse defendant, UnitedHealthcare of Texas, Inc. ("UnitedHealthcare").[8]

On October 1, 2015, Plaintiff filed a motion to remand.[9]  On October 22, 2015, Defendants filed their response in opposition to Plaintiff's motion to remand.[10]  On October 26, 2015, Plaintiff filed a reply in support of her motion.[11]  On October 30, 2015, Defendants filed a surreply along with a motion for leave, and Plaintiff filed a surreply and motion for leave in response on November 2, 2015.[12]  The court **GRANTS** both parties' motions for leave and will consider all of the parties' filings.

## II.  Legal Standard

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  Id. (quotation and citations omitted).  "To determine whether

---

[8]  See Doc. 1, Defs.' Notice of Removal pp. 1, 4-5.

[9]  See Doc. 7, Pl.'s Mot. to Remand.

[10]  See Doc. 9, Defs.' Resp. to Mot. to Remand.

[11]  See Doc. 11, Pl.'s Reply in Support of Mot. to Remand.

[12]  See Doc. 12, Defs.' Mot. for Leave to File Surreply; Doc. 13, Pl.'s Mot. for Leave to File Surreply.

3

jurisdiction is present for removal," the court must consider "the claims in the state court petition as they existed at the time of removal." Id. (citation omitted).  The Fifth Circuit has stated that "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a).  The district courts have original jurisdiction in federal-question cases which arise under the laws of the United States.  28 U.S.C. § 1331.  "Ordinarily, determining whether a particular case arises under federal law turns on the well-pleaded complaint rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207, (2004).  Determining whether a complaint raises a federal question "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Id. (quoting Taylor v. Anderson, 234 U.S. 74, 75 (1914)).

The well-pleaded complaint rule has an exception: "when a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed." Id. (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)).

"This is so because [w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. at 207-08 (quoting Anderson, 539 U.S. at 8). "ERISA is one of these statutes." Id. at 208.

ERISA "subjects to federal regulation plans providing employees with fringe benefits." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Id. (citations omitted). This "comprehensive legislative scheme includes an integrated system of procedures for enforcement." Davila, 542 U.S. at 208 (quoting Ma. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1984) (internal quotations omitted)). "This integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a distinctive feature and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." Id. "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Id. at 209 (citations omitted).

"The preemptive force of ERISA § 502(a) is still stronger. . . the ERISA civil enforcement [provision] is one of those

5

provisions with such extraordinary preemptive power that [it] converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. (citations omitted).

The civil-enforcement provision "completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." Ellis v. Liberty Life Assur. Co. of Bos., 394 F.3d 262, 275 n. 34 (5th Cir. 2004) (citing Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999)); see also Haynes v. Prudential Health Care, 313 F.3d 330, 333 (5th Cir. 2002).

## III. Analysis

Plaintiff argues that this case should be remanded to state court. Plaintiff specifically argues that her claims are not subject to either complete or conflict preemption, that defendants do not make clear what plan, if any, applies, and that UnitedHealthcare cannot be improperly joined when its name is listed in one of the potential plans. Defendants reply that there is a plan governed by ERISA, that the "safe harbor" provision does not apply, and that Plaintiff's claims are completely preempted by ERISA and Plaintiff thus raises a federal claim. Defendants additionally argue that as UnitedHealthcare was improperly joined, diversity jurisdiction exists in the absence of a federal claim.

## A.  Is The Plan Governed by ERISA?

6

The court must first determine whether the benefit plan at issue is governed by ERISA.  To determine whether a plan qualifies under ERISA, the court must determine that the plan "(1) exists; (2) falls within the safe harbor exclusion established by the Department of Labor; and (3) meets the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participants." <u>McNeil v. Time Ins. Co.</u>, 205 F.3d 179, 189 (5th Cir. 2000) (citing <u>Meredith v. Time Ins. Co.</u>, 980 F.2d 352, 355 (5th Cir. 1993)).

To determine whether a plan exists, a court must determine whether a "reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." <u>Meredith</u>, 980 F.2d at 355.

Plaintiff's original petition stated that she had medical coverage under the Plan.[13]  Included with Plaintiff's motion to remand is a letter addressed "Dear Plan Participant" that outlines changes in the administration of Plaintiff's healthcare benefit plan.[14]  While Plaintiff focuses her arguments on the Defendants' failure to submit a plan in their removal documents and subsequent pleadings, Plaintiff acknowledges that under <u>Meredith</u>, the court must only determine whether a reasonable person could determine

---

[13]   <u>See</u> Doc. 1-6, Ex. 3 to Def.'s Notice of Removal, Pls.' Original Pet. p. 1.

[14]   <u>See</u> Doc. 7-2, Ex. 2 to Pl.'s Mot. to Remand, Letter re: Healthcare Benefits p. 6.

whether a Plan existed.  See Meredith, 980 F.2d at 355.  Here, there is no question but that a reasonable person could conclude that an ERISA plan existed, and Plaintiff's arguments that Defendants have not produced the plan or established what the specific terms of the Plan applicable at the time are irrelevant.

Plaintiff additionally argues that even if a plan exists, the "safe harbor" provision applies.  The Secretary of Labor has created exemptions from certain types of otherwise qualified plans via 29 C.F.R. § 2510.3-1(j).  See McNeil, 205 F.3d at 190.  Under the "safe harbor" provision, a plan is not an ERISA plan if:

> (1) No contributions are made by an employer or employee organization; (2) Participation the program is completely voluntary for employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  Only if all four of the safe harbor provisions are met is an otherwise qualifying plan not covered by ERISA.  Hansen v. Cont'l Ins. Co., 940 F.2d 971, 977 (5th Cir. 1991).

Defendants argue the safe harbor exception does not apply because the plan sponsor paid the full cost of the plan for participants over sixty-five and a portion if the participant was

under sixty-five.   Additionally, they aver that the plan administrator was a committee of employees of Eaton that consulted with Defendants and had discretionary authority.   Plaintiff does not contest that Plaintiff's employer made contributions, incorrectly asserting that this is evidence that the safe harbor provision should apply.[15] Because there is no dispute that the plan sponsor made contributions to the Plan, the safe harbor exception does not apply.

The final element is whether Plaintiff's employer intended the Plan to benefit its employees. <u>See</u> <u>Meredith</u>, 980 F.2d at 355. Plaintiff does not dispute this element and it is clear from the employer's plan selection, administration, and maintenance that it intended the Plan to benefit its employees.   The court therefore finds that the Plan at issue is governed by ERISA.

**B.   <u>Does ERISA Completely Preempt Plaintiff's Claims?</u>**

Having found that the Plan is governed by ERISA, the court must determine if Plaintiff's claims are the type of claims preempted by ERISA.

In cases involving ERISA-regulated benefit plans, only claims arising under Section 502 completely preempt state law claims. <u>Davila</u>, 542 U.S. at 209.  As the Supreme Court explained in <u>Davila</u>, only a state law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy" is completely

---

[15]     <u>See</u> Doc. 11, Pl.'s Reply in Support of Mot. to Remand p. 5.

preempted.  Id.  All other state-law claims involving ERISA plans are not completely preempted.  See Arana v. Ochsner Health Plan, Inc., 302 F.3d 462, 468 (5th Cir. 2002) (reversed on other grounds, 338 F.3d 433 (5th Cir. 2003) (en banc).

ERISA Section 502(a)(1)(b) provides that an action may be brought "by a participant or beneficiary . . . to recover benefits to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  Davila, 542 U.S. at 210 (citing 29 U.S.C. § 1132(a)(1)(B)).  To determine whether a claim is completely preempted, the Fifth Circuit utilizes a two-pronged test: "(1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities— the employer, the plan and its fiduciaries, and the participants and beneficiaries." Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 432 (5th Cir. 2004).

Here, Plaintiff's state law claims are based on Defendants' failure to provide benefits under the Plan and misrepresentation made to her by the Plan Administrator concerning the scope of coverage offered by the Plan.  Plaintiff is a participant and beneficiary in the Plan, and Defendants are the Plan's fiduciaries, so her claims clearly concern the relationship among ERISA

entities.   See   Hook v. Morrison Milling Co., 38 F.3d 776
(explaining that state law claims will not be preempted when
alleged misconduct involved a third party or existed outside of a
benefit plan).   The Fifth Circuit stated preemption applied when
"the claims clearly stemmed from the existence of an ERISA plan,
such that if the appellants' claims were stripped of their link to
the pension plans, they would cease to exist."   Id. (quoting
Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1220 (5th Cir.
1992)).   Plaintiff has alleged that Defendants promised that any
additional surgery would be approved by the Plan; her state-law
claims could not exist in the absence of a Plan.   Plaintiff's state
law claims are thus completely preempted.

Plaintiff additionally argues that the state court retains
concurrent jurisdiction under ERISA.   While Plaintiff is correct
that a state court has concurrent jurisdiction under 29 U.S.C. §
1132(e)(1), this is irrelevant for the court's purposes in
determining whether remand is proper.   Defendant properly removed
this case to this court based on federal question jurisdiction
under 28 U.S.C. §§ 1331, 1441, and 29 U.S.C. § 1132, and the Fifth
Circuit has long held that, regardless of concurrent jurisdiction,
a defendant may remove a case when a district court maintains
original jurisdiction.   See Baldwin v. Sears, Roebuck & Co., 667
F.2d 458, 459-60 (5th Cir. 1982).   The court therefore **RECOMMENDS**

that Plaintiff's Motion to Remand be **DENIED**.[16]

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of January, 2016.

_____
U.S. MAGISTRATE JUDGE

---

[16]   Because this court finds that Plaintiff's state-law claims are completely preempted, it need not address the parties' arguments regarding conflict preemption or improper joinder.

12