United States District Court
Southern District of Texas

**ENTERED**

March 17, 2016

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WILLIAMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2553 |
| | § | |
| UNITEDHEALTHCARE OF TEXAS, INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the court is the Magistrate Judge's Memorandum & Recommendation (the "M&R") (Dkt. 19), recommending that plaintiff Elizabeth Williams's ("Williams") motion to remand (Dkt. 7) be denied. Williams filed objections (Dkt. 20), to which UnitedHealthcare of Texas, Inc. and UMR, Inc. (collectively, "Defendants") responded (Dkt. 21). Having reviewed the M&R, the objections to the M&R, the response, and the applicable law, the court OVERRULES Williams's objections and ADOPTS the M&R. Williams's motion to remand (Dkt. 7) is DENIED.

### I. BACKGROUND

From January 1, 2014, to December 31, 2014, Williams had medical coverage under the Eaton Corporation Plan for Retirees and Other Eligible Individuals ("the Plan") with UnitedHealthcare of Texas, Inc. and administered through UMR, Inc. Dkt. 1, Ex. 4 at 1. Williams suffered from serious acid reflux pain and was diagnosed with esophageal diverticulum and hiatal hernia. *Id.* Williams's doctors determined that her condition would require surgery. *Id.* On September 8, 2014, Williams entered the Memorial Hermann Hospital System—the Woodlands and was released the following day. *Id.* at 1–2. Five days later, Williams suffered complications from surgery and returned to the hospital. *Id.* at 2. Williams remained under doctor's care from

September 13, 2014, to October 13, 2014. *Id.* On September 17, 2014, and October 3, 2014, Williams received confirmation from Defendants that additional surgery was medically necessary. *Id.* Williams was later transferred to the Memorial Hermann Hospital—Texas Medical Center in Houston. *Id.* On November 3, 2014, Williams received correspondence from Defendants authorizing the additional medical procedures in Houston. *Id.* Williams alleges that Defendants later denied her coverage under the Plan despite authorizing the treatment on multiple occasions. *Id.*

On July 20, 2015, Williams filed suit in state court, asserting a variety of state law claims. *See* Dkt. 1, Ex. 4. On September 3, 2015, Defendants removed the case to this court. *See* Dkt. 1. On October 1, 2015, Williams filed a motion to remand. Dkt. 7. On December 17, 2015, the court referred the motion to the Magistrate Judge. Dkt. 18. On January 13, 2016, the Magistrate Judge issued the M&R, finding that Williams's claims were completely preempted by ERISA and recommending denial of Williams's motion to remand. Dkt. 19. On January 27, 2016, Williams filed objections. Dkt. 20. On February 8, 2016, Defendants responded. Dkt. 21.

## II. OBJECTIONS

### A. The Magistrate Judge Applied an Incorrect Standard

Williams argues that the Magistrate Judge applied an incorrect standard in determining whether ERISA applies. Dkt. 20 at 3. Williams asserts that the Magistrate Judge based her recommendation on whether a reasonable person could find that an ERISA plan existed. *Id.* Williams contends that the correct standard is whether a reasonable person could "ascertain the intended benefits, beneficiaries, sources of financing, and procedures for receiving benefits." *Id.* at 4. Because the Magistrate Judge applied the wrong standard, Williams argues, the Magistrate Judge ignored the fact that Defendants have never produced the ERISA plan that they contend applies. *Id.* Williams maintains that a reasonable person could not "ascertain the intended benefits, beneficiaries,

sources of financing, and procedures for receiving benefits" where the Defendants have not even produced the Plan. *Id.* at 5. Williams also argues that Defendants have caused confusion about which plan applies to her and who administers the Plan. *Id.* at 5–6.

The court finds that the Magistrate Judge applied the correct standard. To determine whether a particular plan qualifies as an "employee welfare benefit plan" under ERISA, the court asks "whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees. If any part of the inquiry is answered in the negative, the submission is not an ERISA plan." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). As Williams points out, "[t]o determine whether a plan exists, 'a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, sources of financing, and procedures for receiving benefits.'" *Graham v. Metro. Life Ins. Co.*, 349 F. App'x 957, 960 (5th Cir. 2009) (quoting *Meredith*, 980 F.2d at 355). This is the exact standard quoted and applied by the Magistrate Judge in reaching her conclusion that a plan exists. *See* Dkt. 19 at 7. Further, the court agrees that a reasonable person could "ascertain the intended benefits, beneficiaries, sources of financing, and procedures for receiving benefits" based on the Summary Plan Description ("SPD") provided by Defendants. *See* Dkt. 1, Ex. 1. The SPD provides a sufficient basis for the court to make this determination and to identify which plan applies and who administers the Plan. The Defendants were not required to produce the Plan itself. *See Graham*, 349 F. App'x at 960 ("A reasonable person could make this determination by reviewing Georgia-Pacific's LifeChoices Summary Plan Description ('SPD') and the MetLife certificate of insurance for group term life benefits issued to Georgia-Pacific and distributed to its employees."); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th

3

Cir. 2000) (finding that a brochure describing an insurance policy's benefits and costs was sufficient evidence that a plan existed); *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) ("A formal document designated as 'the Plan' is not required to establish that an ERISA plan exists; otherwise, employers could avoid federal regulation merely by failing to memorialize their employee benefit programs in a separate document so designated."); *Campbell v. Chevron Phillips Chem. Co., L.P.*, 587 F. Supp. 2d 773, 781 (E.D. Tex. 2006) ("In this case, a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits from the SPD.").  Williams's objection is OVERRULED.

**B.      The Magistrate Judge Wrongly Assumed that Williams Did Not Dispute Critical Issues**

Williams also argues that the Magistrate Judge erred in her determination that the Plan is an ERISA plan because she assumed that Williams did not contest certain elements critical to the court's jurisdiction. Dkt. 20 at 7.  Further, Williams argues that the Magistrate Judge's focus on what Williams "did not contest" effectively flips the burden of proof.  *Id.* at 10.  Because Defendants have the burden of proving federal jurisdiction, Williams explains, the court should focus on what points Defendants can prove, not what points Williams has contested.  *Id.* at 7–11.

**1.      Safe Harbor**

Williams asserts that the Magistrate Judge assumed that Williams did not contest that the plan sponsor made contributions to the Plan.  *Id.* at 8–9.  Therefore, Williams concludes, the Magistrate Judge incorrectly decided that the ERISA safe harbor did not apply.

A plan is not an ERISA plan if it falls within the safe-harbor provision promulgated by the Department of Labor.  *Meredith*, 980 F.2d at 355.  Under the safe harbor, a plan is not an ERISA plan if: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the

employer received no profit from the plan. The plan must meet all four criteria to be exempt." *Id.* The court acknowledges that Williams did contest whether her employer contributed to the plan, and any assumption to the contrary is incorrect. Nonetheless, the court agrees with the Magistrate Judge's determination that the safe harbor does not apply in this case. As the Magistrate Judge pointed out, the Eaton Corporation paid the full cost of the plan for participants over sixty-five and a portion of the plan for participants under sixty-five. Dkt. 19 at 8–9; *see* Dkt. 1, Ex. 1 at UMR000011. Therefore, Williams's employer contributed to the Plan, and Defendants have disproved the first element of the safe harbor. Because all four elements of the safe harbor must be met for the plan to be exempt from ERISA, Defendants were not required to disprove the other three elements. Williams's objection is OVERRULED.

### 2. Intent to Benefit Employees

Williams argues that the Magistrate Judge wrongly assumed that Williams did not dispute that the Plan was intended to benefit employees. Dkt. 20 at 8–9. The court acknowledges that Williams disputed this point. However, the court agrees with the Magistrate Judge that "it is clear from the employer's plan selection, administration, and maintenance that it intended the Plan to benefit its employees." Dkt. 19 at 9. Williams's objection is OVERRULED.

### C. The Magistrate Judge Failed to Address Williams's Waiver Argument

Williams argues that the Magistrate Judge failed to address the argument that Defendants waived their right to assert a preemption defense. Dkt. 20 at 11–12. Williams argues that Defendants failed to plead preemption as a defense in this case; therefore, this defense is waived. *Id.*

Defendants clearly alleged preemption in their notice of removal. Dkt. 1. More importantly, the Magistrate Judge found that Williams's state law claims were completely preempted by ERISA. Dkt. 19 at 11. Unlike conflict preemption, complete preemption is jurisdictional in nature and is not

an affirmative defense. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009) ("Complete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule. It differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense."). Therefore, Williams's waiver argument is inapplicable and her objection is OVERRULED.

**D.     The Magistrate Judge Misapplied Concurrent Jurisdiction**

Williams notes that the Magistrate Judge acknowledged that concurrent jurisdiction exists between federal and state courts but failed to apprehend its significance.  Dkt. 20 at 12.  Williams argues that, where concurrent jurisdiction exists, preemption does not require removal.  *Id.*

The court agrees with the Magistrate Judge that the issue of concurrent jurisdiction is irrelevant to Williams's motion.  Dkt. 19 at 11.  The question before the Magistrate Judge was whether Defendants had properly removed the case to this court.  Cases in which concurrent jurisdiction exists are removable.  *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982) ("Unless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable.").  Therefore, the existence of concurrent jurisdiction has no bearing on the propriety of removal.  Williams's objection is OVERRULED.

**E.     The Magistrate Judge Should Have Granted an Oral Hearing**

Williams argues that she requested an oral hearing and should have been granted one. Dkt. 20 at 11.  Further, Williams contends that the Magistrate Judge failed to consider that Williams opposed the additional briefing filed by Defendants and that the additional briefing was filed in violation of the court's procedures.  *Id.*

The Magistrate Judge was not required to grant Williams an oral hearing.  The Magistrate Judge considered additional sur-replies from both parties and was well within her discretion to do so.  Williams's objections are OVERRULED.

### III. CONCLUSION

Williams's objections (Dkt. 20) are OVERRULED, and the M&R (Dkt. 19) is ADOPTED. Williams's motion to remand (Dkt. 7) is DENIED.

Signed at Houston, Texas on March 17, 2016.

_____
Gray H. Miller
United States District Judge

7